NO.
12-06-00290-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RAYMOND RAY POOLE, JR.,       §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW

 

THE STATE OF TEXAS,

APPELLEE   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Raymond Ray
Poole, Jr. appeals his conviction for interference with public duties, for
which he was sentenced to confinement for one hundred eighty days, probated for
twelve months.  In two issues, Appellant
argues that the evidence was neither legally nor factually sufficient to
support his conviction.  We affirm.

 

Background

            On
May 23, 2005, officers of the Cherokee County Sheriff’s Department went to the
residence of Raymond Poole, Sr. to assist officers from the Alto Police
Department in executing a felony search warrant.  Thereafter, Appellant arrived at the
scene.  While at the scene, Appellant saw
Alto Police Chief Charles Barron exiting his father’s residence with some
firearms seized pursuant to the search warrant. 
Appellant began moving toward Barron stating that Barron was not going
to take Appellant’s firearms.  As
Appellant moved toward Barron, Sheriff’s Department Detective John Raffield
interceded and arrested Appellant.  

            Appellant
was charged by information with interference with public duties[1]
as follows:

 

[Appellant] did then
and there, while John Raffield, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to-wit:  executing a felony search warrant, with
criminal negligence, interrupt, disrupt, impede, or interfere with the said
John Raffield by not leaving the scene of a felony search warrant.

 

 

Appellant pleaded “not guilty,” and
the matter proceeded to jury trial.

            At
trial, Raffield testified as the State’s first witness.  Raffield stated that he was at Raymond Poole,
Sr.’s residence performing duties and exercising authority granted by law in
the execution of a felony search warrant. 
Specifically, Raffield stated that his duties that evening included
securing the outer perimeter in support of the officers searching the
residence.  Raffield further stated that
among his duties was preventing someone from pushing, shoving, or striking an
officer who was executing the search warrant. 
Raffield elaborated on this duty as follows:

 

Once the warrant was
obtained, the teams are–depending on how many officers are available, there’s
specific assignments that each individual is given.  There’s an entry team, generally, for a search
warrant.  [There are] close perimeter
individuals that are set up to, say, cover a back door or windows or other
exits to a residence, and then there’s [the] outer perimeter, and the outer
perimeter individuals, which is what I was serving in the capacity of that
night, is to–if there’s anybody that runs from the location where the search
warrant is being executed, to be able to run and catch those individuals and to
keep other people from entering into the location, once the officers have
secured the residence or building, and for officer safety and integrity of any
evidence that they may be trying to search at the time.

 

 

Raffield testified that he was
stationed in front of the residence when his attention was drawn  to a commotion that involved a lot of “hollering
and cussing” between an individual later identified as Appellant and other
officers.  Raffield further testified
that Appellant approached the residence and interacted with another person
outside the residence for the stated purpose of obtaining a cigarette from the
person.  Raffield stated that Appellant
began whispering to this individual, at which point Raffield instructed
Appellant to continue on to one nearby residence or another, or leave the scene
altogether.  According to Raffield, Appellant
exclaimed, “F__k you, cuz.  I’ll go where
I want.”  Raffield stated that shortly
thereafter, Barron exited the residence carrying several firearms.  Raffield testified that Appellant quickly and
aggressively started moving toward Barron stating that Barron was not going to
take his gun.  Raffield further testified
that as Appellant moved past him, since it appeared that he was going to either
grab Barron or the rifles he was carrying, he took hold of  Appellant, pulled him around, and leaned him
up against the fender of a nearby car in order to keep him from approaching
Barron further.  Raffield stated that
even after Appellant was placed under arrest and secured in a patrol vehicle,
the officers had further work to do with regard to execution of the search
warrant.  Raffield further stated that
his duties, as set forth previously, were interrupted, disrupted, impeded, or
interfered with as a result of Appellant’s actions and, further, that Appellant
acted with criminal negligence.

            Barron
testified as the State’s next witness. 
Barron stated that he was part of the team who executed a search warrant
at Raymond Poole, Sr.’s residence. 
Barron further stated that during the search of the residence, the team
located and seized several firearms, which he subsequently carried out of the
residence.  Barron testified that as he
exited the residence, he observed Appellant talking to Raffield.  Barron further testified that Appellant, who
was being loud and belligerent, turned and started coming toward him in an
aggressive fashion, stating loudly that the firearms belonged to him and
inquiring what was to become of them. 
Barron stated that as Appellant approached, Raffield stepped in between
Appellant and Barron and stopped Appellant. 
Barron further stated that, in his opinion, Appellant’s actions amounted
to interference with public duties. 
Moreover, Barron testified that when he exited the residence, the
execution of the search warrant was not entirely complete.  Barron further testified that Appellant did not
interfere with his conduct of the search of the residence because Raffield
stopped him.

            Following
Barron’s testimony, the State rested. 
Thereafter, Appellant moved for a directed verdict, which the trial
court denied.  Appellant then called
Cornelius Thacker as his only witness. 
Thacker testified that he knew Appellant and arrived with him at Raymond
Poole, Sr.’s house on the day in question. 
Thacker stated that he did not see Appellant interfere with Raffield “until
he was spoken to.”  Thacker further
stated that he did not ever see Appellant make a threatening move either toward
Barron or Raffield.  Thacker testified
that he never saw Appellant do anything besides talk.

            Following
Thacker’s testimony, Appellant rested. 
Ultimately, the jury found Appellant guilty as charged.  Thereafter, a trial on punishment was
conducted, whereupon the trial court sentenced Appellant to confinement for one
hundred eighty days, probated for twelve months.  This appeal followed.

 

Interference
with Public Duties

            In
his first issue, Appellant argues that the evidence was legally and factually
insufficient to support that he interrupted, disrupted, impeded, or interfered
Raffield’s duties.

Legal Sufficiency

            Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  See Jackson v. Virginia, 443
U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); see also
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio
1999,  pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.  

            To
support a conviction for interference with public duties, the evidence must
support that the accused with criminal negligence interrupted, disrupted,
impeded, or otherwise interfered with a peace officer while the peace officer
was performing a duty or exercising authority imposed or granted by law.  See Tex.
Penal Code Ann. § 38.15(a)(1) (Vernon
Supp. 2006).  In the instant case,  Appellant was charged with interference with
public duties “by not leaving the scene of a felony search warrant” as Raffield
had instructed him.

            The
case of Key v. State is instructive on the issue before
us.  In Key, the appellant
was charged with interference with a public duty for refusing to obey lawful
orders and directives of an officer who was performing a duty or exercising
authority imposed or granted by law.  See
Key, 88 S.W.3d 672, 676 (Tex. App.–Tyler 2002, pet. ref’d).  The evidence in that case reflected that
officers were present when the appellant engaged in an altercation with his
tenant.  Id.  Noting
the appellant’s anger, one of the officers instructed Appellant to stay on the
sidewalk, which he believed was necessary to prevent the appellant from
assaulting his tenant and preserve the safety of the officers.  Id.  The appellant stepped off the sidewalk and
headed toward the tenant six times.  Id.  Each time, the officer stopped the appellant
and directed him to get back on the sidewalk. 
Id.  We held that the appellant engaged in conduct
other than speech in refusing to obey the directives of the officer and that
the evidence was, therefore, legally sufficient.  Id. 

            The
instant case is similar to Key.  Raffield testified that he was stationed
in front of the residence when his attention was drawn to a commotion that
involved a lot of “hollering and cussing” between an individual later
identified as Appellant and other officers. 
Raffield further testified that he instructed Appellant to continue on
to one nearby residence or another, or leave the scene altogether.  According to Raffield, Appellant exclaimed, “F__k
you, cuz.  I’ll go where I want.”  Raffield stated that shortly thereafter,
Barron exited the residence carrying several firearms.  Raffield testified that Appellant quickly and
aggressively started moving toward Barron stating that Barron was not going to
take his gun.  Raffield further testified
that since it appeared as Appellant moved past him that he was going to either
grab Barron or the rifles he was carrying, he took hold of  Appellant, pulled him around, and leaned him
up against the fender of a nearby car in order to keep him from approaching
further toward Barron.

            Examining
the aforementioned evidence in the light most favorable to the jury’s verdict,
we conclude, as we did in Key, that the jury could have
determined beyond a reasonable doubt that Appellant, by his actions, interfered
with Raffield’s duties.  Therefore, we
hold that the evidence was legally sufficient to support the jury’s verdict
that Appellant interfered with public duties as charged.

Factual Sufficiency

            Turning
to Appellant’s contention that the evidence is not factually sufficient to
support the jury’s verdict, we must first assume that the evidence is legally
sufficient under the Jackson standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it to the evidence that
tends to disprove that fact.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the

weight and credibility of witness
testimony.  Santellan, 939
S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006) (evidence is factually insufficient only when reviewing court objectively
concludes that the great weight and preponderance of the evidence contradicts
the jury’s verdict).

            We
have reviewed the record in its entirety. 
We iterate that our evaluation should not substantially intrude upon the
jury’s role as the sole judge of the weight and credibility of witness
testimony, see Santellan, 939 S.W.2d at 164, and where
there is conflicting evidence, the jury’s verdict on such matters is generally
regarded as conclusive.  See Van
Zandt, 932 S.W.2d at 96.  Our
review of the record as a whole, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed to us any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury’s verdict.  Appellant’s first issue is overruled.

 

Criminal
Negligence

            In
his second issue, Appellant argues that the evidence was neither legally nor
factually sufficient to support that he acted with criminal negligence.  In order to prove that Appellant committed
the offense of interference with public duties, the State was required to prove
that Appellant acted with criminal negligence. 
See Tex. Penal Code Ann.
§ 38.15(a)(1).  A person acts with
criminal negligence, or is criminally negligent, with respect to circumstances
surrounding his conduct or the result of his conduct when he ought to be aware
of a substantial and unjustifiable risk that the circumstances exist or the
result will occur.  Tex. Penal Code Ann. § 6.03(d) (Vernon
2003).  Criminal negligence has been
described as involving inattentive risk creation, that is, the actor ought to
be aware of the risk surrounding his conduct or the result thereof, but fails
to perceive the risk.  See Stadt v.
State, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005).  However, proof of a higher degree of
culpability than that charged constitutes proof of the culpability
charged.  Tex. Penal Code Ann. § 6.02(e) (Vernon Supp. 2006).[2]

            In
the case at hand, Raffield testified that Appellant quickly and aggressively
started moving toward Barron stating that Barron was not going to take his
gun.  Moments prior to this action, the
record reflects that Appellant cursed at Raffield, ignoring Raffield’s
instructions, and stating that Appellant would go wherever he wanted.  We conclude that there is legally sufficient
evidence to support that Appellant acted with a higher degree of culpability
than that with which he was charged.  See,
e.g., Tex. Penal Code Ann. §§
6.03(a), (b), (c) (Vernon 2003). 
Moreover, our review of the record as a whole has not revealed to us any
evidence that causes us to conclude that this element is so obviously weak or
is otherwise so greatly outweighed by contrary proof as to render Appellant’s
conviction clearly wrong or manifestly unjust. 
Therefore, we hold that the evidence is both legally and factually
sufficient to support the jury’s verdict that Appellant acted with the
requisite culpability.  Appellant’s
second issue is overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered September 26, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Penal Code Ann. § 38.15(a)(1) (Vernon Supp. 2006).





[2] Our application of Section 6.02(e) in the
instant case is distinguishable from our recent analysis in Wasylina v.
State, No. 12-05-00263-CR, 2007 WL 677778 (Tex. App.–Tyler Mar. 7,
2007, pet. filed) (op. on reh’g).  In Wasylina,
the issue before us was whether an issue was properly submitted as a lesser
included offense.  Id., at
*2.  A charge on a lesser included
offense should be given only when there is some evidence that would permit a
rational jury to find that the defendant is guilty of the lesser offense but
not guilty of the greater.  See Salinas
v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); compare Tex. Penal Code Ann. § 19.04(a) (Vernon
2003) with Tex. Penal Code Ann. §
19.05(a) (Vernon 2003).  Thus,
application of Section 6.02(e) in Wasylina was not appropriate.